UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONAVAN STENNETT,<br>Plaintiff,<br>-against-<br>NEW YORK STATE,<br>Defendant. | 25-CV-2234 (LLS)<br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

By order dated October 7, 2025, the Court granted Plaintiff 60 days' leave to file an amended complaint because Plaintiff had named a defendant that is immune from liability in this action, that is, the State of New York, and his allegations did not state a claim. Plaintiff filed his amended complaint on October 27, 2025, where he names the State of New York as the sole defendant and sets forth virtually the same allegations he pleaded in his original complaint. Accordingly, the Court dismisses the action.

## BACKGROUND

The following facts are drawn from Plaintiff's amended complaint.[1] On December 1, 2024, Plaintiff Donavan Stennett was housed in "3 Lower-Building 4 (Riker[s] Island), talking with the C.O. . . . about getting something in the room. Another Inmate pick me up (about 6 to 7 ft) in the air and drop [me] to the floor and broke [my] left foot." (ECF 1, at 4) (internal quotation marks omitted).

Plaintiff attaches to the complaint an Inmate Voluntary Statement Form, dated December 10, 2024, where Plaintiff states the following: "I . . . was attack[ed] by a[n] inmate come insid[e]

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

where I sleep . . . and I call the staff and correction officer. This is the two time now on DOC I being attack[ed]. The last time on the 12-1-24." (*Id.* at 5.)

Plaintiff brings this action against the State of New York and seeks money damages.

## DISCUSSION

### A. Claims against State of New York

The Court dismisses Plaintiff's claims against the State of New York because it is immune from liability under the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by Eleventh Amendment immunity and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### B. Failure to Protect

In the Court's October 7, 2025 order, the Court construed the complaint as asserting a failure to protect claim and granted Plaintiff leave to state facts suggesting that correctional staff failed to protect him from a serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 828, 836 (1994) (holding that the failure to protect a pretrial detainee from assault rises to the level of a constitutional violation of the Fourteenth Amendment where an official acted with "deliberate indifference to a substantial risk of serious harm" to the detainee). The Court did so because the complaint did not include any facts suggesting that (1) Plaintiff was aware of the risk of assault before it occurred, or that he communicated such risk to anyone; (2) any correctional staff knew about the risk posed by the detainee who assaulted Plaintiff before the alleged assault; or

(3) correctional staff who observed the incident failed to act promptly to mitigate additional harm or otherwise behaved inappropriately. (*See* ECF 9, at 5.) Plaintiff did not cure these deficiencies in his amended complaint. The Court therefore dismisses the failure to protect claim because Plaintiff does not allege that any correctional staff knew of any risk to Plaintiff's safety and then ignored that risk. *See, e.g.*, *Johnson v. Schiff*, No. 17-CV-8000, 2019 WL 4688542, at *16 (S.D.N.Y. Sept. 26, 2019) (holding that "prison officials have a constitutional duty to act reasonably to ensure a safe environment for a prisoner when they are aware that there is a significant risk of serious injury to that prisoner").

**SUPPLEMENTAL JURISDICTION**

A district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.' ") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). The Court therefore dismisses Plaintiff's state law claims without prejudice to Plaintiff's pursuing them in an appropriate forum.

**LEAVE TO AMEND DENIED**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff another opportunity to amend. In Plaintiff's amended complaint, he renamed the State of New York, which the Court had explained cannot be sued in this action, and set forth the same exact allegations as he had alleged in his first complaint. The Court finds that it would be futile to grant Plaintiff further leave to amend.

**CONCLUSION**

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367.

SO ORDERED.

Dated: October 24, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.